IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> THE FAIRCHILD CORPORATION, et al.,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 09-10899 (CSS) <br> ) <br> ) Jointly Administered <br> ) <br> ) Re: Docket No. 182 <br> ) |

**ORDER APPROVING (1) SPECIFIC DISPOSITIONS OF CERTAIN
*DE MINIMIS* ASSETS AND (2) PROCEDURES FOR THE SALE, DISPOSITION OR
ABANDONMENT OF *DE MINIMIS* ASSETS AND CLAIMS,
PURSUANT TO 11 U.S.C. §§105, 363 AND RULES 2002, 6004 AND 7062
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the motion (the "Motion")[2] of The Fairchild Corporation ("Fairchild") and the other debtors and debtors-in-possession in the above-captioned cases (collectively with Fairchild, the "Debtors") for entry of an order (this "Order") approving disposition transactions involving certain *de minimis* assets, as well as procedures of the sale, settlement, disposition or abandonment of *de minimis* assets and claims; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate

---

[1] The last four digits of Fairchild's federal tax identification number are 8587. The mailing address for Fairchild is 1750 Tysons Boulevard, Suite 1400, McLean, VA 22102. Due to the large number of Debtors in these cases, for which the Debtors have requested joint administration, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at http://chapter11.epiqsystems.com/fairchild.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

under the circumstances and no further notice of any kind being required under the circumstances here presented; and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Any objections to the Motion that were not withdrawn or otherwise resolved as reflected on the record of any hearing on the Motion are denied and overruled on the merits.

3. The Debtors are authorized, but not required, to consummate each of the Proposed Dispositions involving, respectively, the House, the Painting and the Corporate Art, free and clear of any Liens, without any further notice or order of this Court.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell, settle or dispose of the *De Minimis* Assets in accordance with the following procedures (the "*De Minimis* Asset Sale Procedures"):

    (a)     The *De Minimis* Asset Sale Procedures shall apply to any sales, settlements or dispositions of *De Minimis* Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price that does not exceed $1,250,000;[3]

    (b)     The Debtors are authorized to consummate such transactions if the Debtors determine in the exercise of their business judgment that such sales, settlements or dispositions are in the best interests of the estates, without further order of the Court, subject to compliance with these *De Minimis* Asset Sale Procedures;

    (c)     Any such transactions shall be free and clear of all Liens, with any Liens on such *De Minimis* Assets to attach to the proceeds thereof with the same validity, extent and priority, and subject to the same defenses, as had attached to such

---

[3] For purposes of these procedures, the selling price shall refer to the Debtors' estimate of the net proceeds of any sale transaction.

assets immediately prior to such sale, settlement or disposition transaction;

(d) The Debtors shall give written notice of such sale, settlement or disposition transaction (the "<u>Sale Notice</u>") to (a) the United States Trustee, (b) counsel to the Creditors' Committee, (c) counsel to the Debtors' prepetition secured lenders, (d) counsel to the Debtors' postpetition secured lenders, (f) any known affected creditor(s) asserting a Lien on the relevant *De Minimis* Asset(s), (g) any party that has expressed an interest in purchasing the relevant *De Minimis* Asset(s) and (h) those parties requesting notice pursuant to Bankruptcy Rule 2002 (the "<u>Notice Parties</u>");

(e) The Sale Notice shall be sent to the Notice Parties by U.S. mail, and shall be sent to the Committee's counsel by e-mail and U.S. mail, at least ten days prior to the closing of such sale or disposition transaction;

(f) The content of the Sale Notice shall consist of (a) identification of the *De Minimis* Assets that are the subject of such proposed sale or disposition transaction; (b) identification of the counter-party(ies) to such proposed transaction; (c) statement of any known relationships between the purchaser and any of the Debtors; and (d) the material economic terms of the proposed sale or disposition transaction, including the estimate of the net amount of any proceeds to be received by the Debtors' estates;

(g) If within such ten-day period a Notice Party other than the Committee files a written objection with the Court, or the Committee notifies the Debtors' counsel in writing of any questions or concerns the Committee may have with respect to any proposed sale or disposition transaction, in either case which the Debtors and objector(s) do not resolve by agreement among themselves, then the relevant *De Minimis* Asset(s) shall be sold, settled or disposed of only upon further order of this Court after notice and a hearing;

(h) If within such ten-day period no Notice Party files a written objection with the Court, and the Committee does not notify the Debtors' counsel in writing of any questions or concerns the Committee may have with respect to any proposed sale or disposition transaction, then the Debtors are authorized, but not directed, to immediately

consummate such sale, settlement or disposition transaction; and

(i) The Debtors are to provide a written report to the Court, the U.S. Trustee, counsel to the Committee and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the period ending on June 30, 2009, and at three-month intervals thereafter, no later than 30 days after the end of such period, concerning any sales of *De Minimis* Assets made during such period pursuant to these procedures, including the names of the counter-parties to the disposition transactions, as well as the material economic terms from the standpoint of the Debtors' estates. If no sales are made during any given period, no report need be provided.

5.  The procedures for disposing of *De Minimis* Assets to which this Order applies shall not apply to any transactions where the Debtors' counter-party is an "insider" of the Debtors, including the persons and entities identified in section 101(31) of the Bankruptcy Code's non-exhaustive listing, as well as any officers, directors, principals, agents, employees, professionals and attorneys of any of the Debtors, Phoenix Banner LLC, PNC Bank, N.A. and the Committee.

6.  Any parties' failure to object to the Motion coupled with such party's failure to timely object to any Sale Notice, in accordance with the terms of the *De Minimis* Asset Sale Procedures, shall be deemed to "consent" to such sale, settlement or disposition transactions within the meaning of section 363(f)(2) of the Bankruptcy Code.

7.  Any pre-existing liens, claims, interests and encumbrances (collectively, the "Liens") shall attach to any proceeds, if any, of sales, settlements and disposition transactions involving the *De Minimis* Assets with the same validity, extent and priority as such Liens attached to such assets immediately prior to the sale or disposition thereof, and subject to the same defenses (including any avoidance actions under chapter 5 of the Bankruptcy Code that may exist with respect to such Liens).

RLF1-3395781-1

8.  The Debtors are authorized pursuant to section 554(a) of the Bankruptcy Code to abandon *De Minimis* Assets in accordance with the following procedures (the "*De Minimis* Asset Abandonment Procedures"):

  (a)  The Debtors shall give written notice of the proposed abandonment of *De Minimis* Assets (the "Abandonment Notice") to the Notice Parties;

  (b)  The Abandonment Notice shall contain a description in reasonable detail of the *De Minimis* Assets to be abandoned and the Debtors' reasons for such proposed abandonment;

  (c)  The Abandonment Notice shall be sent to the Notice Parties by U.S. mail, and shall be sent to the Committee's counsel by e-mail and U.S. mail, at least ten days prior to the effective date of such abandonment;

  (d)  If within such ten-day period a Notice Party other than the Committee files a written objection with the Court, or the Committee notifies the Debtors' counsel in writing of any questions or concerns the Committee may have with respect to any proposed abandonment, in either case which the Debtors and objector(s) do not resolve by agreement among themselves, then the relevant *De Minimis* Asset(s) shall be abandoned only upon further order of this Court after notice and a hearing; and

  (e)  If within such ten-day period no Notice Party files a written objection with the Court, and the Committee does not notify the Debtors' counsel in writing of any questions or concerns the Committee may have with respect to any proposed abandonment, then the Debtors are authorized, but not directed, to immediately consummate such abandonment.

9.  The Debtors, including their officers, directors, employees, agents, professionals and attorneys, are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order.

RLF1-3395781-1

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 7062, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May _15_, 2009
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE