IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> THE FAIRCHILD CORPORATION, et al.,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 09-10899 (CSS) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Re: Docket No. 494** <br> ) |

## ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN TO GREENWICH AEROGROUP ACQUISITION CORP. CERTAIN CONTRACTS RELATING TO BANNER SALE

Upon the motion (the "Motion")[2] of The Fairchild Corporation ("Fairchild") and the other debtors and debtors-in-possession in the above-captioned cases (collectively with Fairchild, the "Debtors") seeking entry of an order authorizing the Debtors to assume certain Undisclosed Contracts as provided for by the terms of the Asset Purchase Agreement between Banner Aerospace Holding Company I, Inc. and certain of its affiliates named therein and Greenwich Aerogroup Acquisition Corp. dated as of May 13, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that the Motion represents the reasonable and appropriate exercise of the Debtors' business judgment and that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and it appearing that due and proper notice of the Motion has been given; and it appearing that no further or other notice need be given; and upon the Motion and all proceedings had before the Court; and after due deliberation; and good and sufficient cause appearing therefore:

---

[1] The last four digits of Fairchild's federal tax identification number are 8587. The mailing address for Fairchild is 1750 Tysons Boulevard, Suite 1400, McLean, VA 22102. Due to the large number of Debtors in these jointly-administered cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at http://chapter11.epiqsystems.com/fairchild.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

6103507
RLF1-3414111-1

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in its entirety as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Debtors are authorized to (a) assume and assign each of the Undisclosed Contracts to Greenwich as listed on **Exhibit 1** to this Order pursuant to sections 365 and 363 of the Bankruptcy Code, and/or to transfer, sell and deliver to Greenwich all of Sellers' right, title and interest in and to the Undisclosed Contracts, free and clear of all interests of any kind or nature whatsoever, and (b) execute and deliver to Greenwich such documents or other instruments as may be necessary to assign and transfer the Undisclosed Contracts to Greenwich. Any objection to such assumption and assignment is hereby overruled, enjoined and forever barred.

3. Except as expressly otherwise provided in this Order, the amount which Debtors shall be obligated to provide to the non-Debtor party to cure any prepetition defaults under the Undisclosed Contracts, pursuant to 11 U.S.C. §§ 365(b)(1)(A) and (B), shall be the amount set forth on **Exhibit 1** attached hereto under the column entitled "Cure Amount." The Debtors will have fully satisfied their obligations under 11 U.S.C. § 365(b)(1) upon payment by Greenwich of such cure amounts.

4. The payment of the applicable cure costs, if any, under each of the Undisclosed Contracts shall (a) effect a cure of all defaults existing thereunder as of the date such Undisclosed Contract is assumed and (b) compensate for any pecuniary loss to such non-Debtor party resulting from such breach.

5. In connection with the assumption and assignment of the Undisclosed Contracts, any and all claims filed by the non-Debtor party for amounts due as of March 18,

2009 related to any such Undisclosed Contract, to the extent such claims are inconsistent with the cure amount listed on **Exhibit 1**, are hereby disallowed.

6. All liquidated monetary defaults, claims or other obligations of the Debtors arising or accruing under each Undisclosed Contract prior to the assumption of such Undisclosed Contract (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2) shall be promptly cured by Greenwich upon assumption and assignment as provided in Bankruptcy Code section 365(b)(1).

7. After the payment of the relevant cure costs by Greenwich: (i) all requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to Greenwich of the Undisclosed Contracts shall be deemed satisfied; (ii) Greenwich shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Undisclosed Contracts; and (iii) pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall have no further liabilities to the counterparties to the Undisclosed Contracts for breaches occurring on or after such assumption.

8. Each non-Debtor party to each Undisclosed Contract is hereby enjoined and forever barred from asserting against Greenwich or any of the Acquired Assets any objection to the assumption and assignment of such non-Debtor party's Undisclosed Contract.

9. Any provisions contained in the Undisclosed Contracts which are, or would have the effect of being: provisions which restrict "going dark"; recapture provisions; provisions which impose a fee or a penalty or a profit sharing upon assignment; provisions which seek to increase the rent or impose a penalty or to modify or terminate a Undisclosed Contract as a result of going dark or upon assignment; provisions which directly or indirectly limit or condition or prohibit assignment; provisions that purport to make assignees subject to burdens, or rights, of

third parties greater than those to which the Debtors, as tenants, are subject; continuous operating covenants; covenants that a user of any of the properties operate any particular trade name; any covenants requiring that use of the properties be similar to that of the Debtors and similar provisions contained in the Undisclosed Contracts shall not restrict, limit, or prohibit the assumption, assignment or sale of the Undisclosed Contracts to Greenwich and are deemed and are found to be unenforceable anti assignment provisions within the meaning of section 365(f) of the Bankruptcy Code.

10. With respect to each Undisclosed Contract, upon entry of this Order, subject to Greenwich paying all cure costs under such Undisclosed Contract, Sellers shall (i) assume such Undisclosed Contract in the Bankruptcy Cases and (ii) assign such Undisclosed Contract to Purchaser.

11. There shall be no rent accelerations, assignment fees, increases or any other fees charged to Greenwich or the Debtors as a result of the assumption and assignment of the Undisclosed Contracts.

12. To the extent necessary, the Debtors shall delineate a procedure for transferring to Greenwich the rights to any security deposits in the form of cash or letters of credit on deposit with the other party to any Undisclosed Contract.

13. The Debtors have provided adequate assurance of future performance under the Undisclosed Contracts as required under section 365(b) of the Bankruptcy Code, without requiring any further action.

14. The Debtors' rights to file additional motions with this Court, within the time periods proscribed by Section 1.5(b) of the APA, to seek similar relief to that sought herein upon the discovery of additional Undisclosed Contracts are hereby reserved.

15. The parties are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate, to implement and effectuate the terms of this Order.

16. Notwithstanding Bankruptcy Rule 6004(g) or any other applicable Bankruptcy Rule, this Order shall take effect immediately upon approval.

17. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Order.

Dated: July 13, 2009
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE