**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 09-10899 (CSS) |
| THE FAIRCHILD CORPORATION, et al., ) | |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Hearing Date: TBD** |
| ) | **Objections Due: TBD** |

**ORANGE COUNTY WATER DISTRICT'S MOTION FOR**
**ESTIMATION AND TEMPORARY ALLOWANCE OF**
**CLAIM PURSUANT TO BANKRUPTCY RULE 3018**

Orange County Water District ("OCWD") hereby moves for the entry of an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") estimating and temporarily allowing the OCWD Claim (as defined below) for plan confirmation voting purposes.

**BACKGROUND**

1.  On December 17, 2004, the OCWD filed Case No. 04CC00715 (the "California Water Contamination Litigation") in the Superior Court of the State of California in and for the County of Orange ("Superior Court") against various defendants, including the Debtors (as defined below). OCWD's First Amended Complaint ("Complaint"), filed April 11, 2005, seeks damages under the Orange County Water District Act and the California Superfund Act, as well as claims for negligence, nuisance, trespass, and declaratory relief.

2.  On March 18, 2009 ("Petition Date"), The Fairchild Corporation and sixty (60) of its subsidiaries (collectively "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue in the possession of their property and the management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of

Title 11, United States Code (the "Bankruptcy Code").  The Debtors' cases are jointly administered under lead Case No. 09-10899.

3. On August 27, 2009, OCWD filed a proof of claim in the Debtors' bankruptcy cases, which claim has been assigned Claim No. 517 by the Debtors' claims agent and a copy of which is attached hereto as <u>Exhibit A</u> (the "OCWD Claim"), asserting a claim in an estimated and unliquidated amount of $25 million, based on the California Water Contamination Litigation and allegations set forth therein.

4. On November 9, 2009, the Debtors filed their Second Amended Joint Plan of Liquidation of the Fairchild Corporation and Its Debtor Affiliates under Chapter 11 of the United States Bankruptcy Code (Docket No. 775) (the "Plan"), as well as the Disclosure Statement related to the Plan (Docket No. 777) (the "Disclosure Statement").

5. On November 10, 2009, this Court entered an order approving the Disclosure Statement (Docket No. 780) (the "Disclosure Statement Order").

6. The Disclosure Statement Order provides that the deadline by which creditors must file a motion seeking the estimation and temporary allowance of their claims for plan confirmation voting purposes is December 1, 2009 at 4:00 p.m. (the "3018 Motion Deadline"). <u>See</u> Disclosure Statement Order ¶ 25.  The Debtors have agreed to extend the 3018 Motion Deadline for OCWD through and including December 3, 2009.  This is OCWD's request for such estimation and temporary allowance.

**RELIEF REQUESTED**

7. OCWD seeks the entry of an order pursuant to Bankruptcy Rule 3018 estimating and temporarily allowing OCWD's claim in the amount of $25 million for purposes of voting in favor of or in opposition to confirmation of the Debtors' Plan.

**LEGAL ARGUMENT**

8.      This Court has authority to estimate and temporarily allow claims for purposes of voting in favor of or in opposition to confirmation of a plan of reorganization or liquidation. Specifically, Bankruptcy Rule 3018 states that "the court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan" Fed. R. Bankr. P. 3018(a).

9.      The rule "was designed to give all creditors, even those holding disputed claims, the opportunity to vote and provided the means of accomplishing this." In re Century Glove, Inc., 88 B.R. 45, 46 (Bankr. D. Del. 1988). As one bankruptcy court has noted:

> Facing the impossibility of separate preliminary hearings on each claim, the question is what equity requires for purposes of voting. To disallow claims temporarily without having heard each case would disenfranchise a substantial part of the unsecured claims which are deemed allowed until a final adjudication. To allow them to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process.

In re Amarex, 61 B.R. 301, 302 (Bankr. W.D. Okla. 1985) (citations omitted).

10.      Because of the prejudice that might result from disenfranchising a substantial claim, as well as the impossibility of fully reconciling and adjudicating every claim prior to confirmation, the standard for granting a temporary allowance motion pursuant to Bankruptcy Rule 3018 is a flexible one. See In re Zolner, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994) (temporary allowance of claim for voting purposes is committed to court's "reasonable discretion").

11.      Here, the relief requested by this Motion is justified by the policy goals underlying Bankruptcy Rule 3018. OCWD holds a very large claim against the Debtors, and it should not be disenfranchised from voting with respect to the Plan, particularly when the Debtors have not even yet filed an objection to the OCWD Claim. As it is not practical for this Court to

await the substantive adjudication of the OCWD Claim, the temporary allowance of the OCWD Claim in the estimated amount of $25 million as asserted in the OCWD Claim is necessary in order to preserve the principle of creditor suffrage.

## CONCLUSION

WHEREFORE, for the reasons stated above, OCWD respectfully requests the entry of an order: (a) estimating and temporarily allowing the OCWD Claim in the amount of $25 million for purposes of voting in favor of or in opposition to confirmation of the Plan; and (b) granting OCWD such other and further relief as is just and proper.

Dated: December 3, 2009

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

/s/ Michael Busenkell
Michael Busenkell, Bar No. 3933
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Fax No: (302) 661-7724
MBusenkell@wcsr.com

-and-

Lawrence P. Block
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, D.C. 20036
Fax No: (202) 572-9993
lblock@stinson.com