IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE FAIRCHILD CORPORATION, et al.,<br><br>　　　　　　　Debtors. | Chapter 11<br>Case No. 09-10899 (CSS)<br><br>Jointly Administered<br><br>Related Docket Nos. 1289, 1291, 1292 |

**ORANGE COUNTY WATER DISTRICT'S REPLY TO THE OBJECTIONS BY THE FAIRCHILD LIQUIDATING TRUST AND ALCOA INC. TO ORANGE COUNTY WATER DISTRICT'S MOTION FOR ENTRY OF AN ORDER GRANTING (1) RELIEF FROM THE PLAN INJUNCTION, AND (2) ABSTENTION UNDER 28 U.S.C. § 1334(c)**

Orange County Water District ("OCWD"), by and through undersigned counsel, hereby replies (the "Reply") to the Fairchild Liquidating Trust's objection (Docket No. 1291) (the "Fairchild Objection") and Alcoa Inc.'s objection (Docket No. 1292) (the "Alcoa Objection" and, together with the Fairchild Objection, collectively, the "Objections") to OCWD's motion (Docket No. 1289) (the "Motion") for the entry of an order: (1) granting relief from the Plan Injunction (as defined in the Motion) to prosecute an action against The Fairchild Corporation (the "Debtor") in California court to judgment; and (2) abstaining from hearing this matter pursuant to 28 U.S.C. § 1334(c). In support of this Reply, OCWD respectfully represents as follows:

## BACKGROUND

1.　On February 24, 2012, OCWD filed its Motion, seeking the entry of an order modifying the Plan Injunction to allow OCWD to prosecute Case No. 04CC00715 pending in the Superior Court of the State of California in and for the County of Orange (the "California Water Contamination Litigation") in California state court to final non-appealable judgment or

settlement against the Debtor, to coincide with trial against the other non-debtor defendants. In the Motion, OCWD also requested that this Court abstain from hearing OCWD's claims against the Debtor pursuant to 28 U.S.C. § 1334(c).

2. The Fairchild Liquidating Trust and Alcoa, Inc. each filed their respective objections to the Motion on March 5, 2012.

3. This is OCWD's Reply to both the Fairchild Objection and the Alcoa Objection.

## ARGUMENT

4. On January 4, 2012, counsel for Alcoa disclosed for the first time in the California Water Contamination Litigation that Alcoa had settled an arbitration dispute with the Debtor in 2007, and that as part of that settlement, Alcoa agreed to defend and indemnify the Debtor with respect to the Fairchild property involved in the California Water Contamination Litigation. A copy of that settlement agreement is attached hereto as Exhibit A.

5. This agreement should have been (but was not) produced by Alcoa in the California Water Contamination Litigation years ago, shortly after it was signed, in response to discovery requests from OCWD for ownership and indemnity agreements related to the 800 South State College and 190 Crowther sites. Instead, OCWD saw the document for the first time on January 4, 2012, in advance of the deposition of an Alcoa employee (which OCWD had been attempting to take since July 2011, with Alcoa asking for postponements) with respect to the Fairchild/Alcoa property in the California Water Contamination Litigation. Had OCWD been provided with this document earlier, it would have moved for relief from the plan injunction earlier. Alcoa does not mention this agreement, or its late disclosure, in Alcoa's objection.

6. In its objection, Alcoa takes the position that if the Motion is granted, "Alcoa will have to commence from a standing start complicated environmental trial without ever having the

WCSR 7164870v4

opportunity for properly investigating and preparing the Debtor's defenses." Alcoa Objection, at p. 2.

7. As a preliminary matter, it is the potential prejudice of the Debtor, and not of Alcoa, that is appropriately considered by the Court in connection with the Motion, and it is not clear that Alcoa even has standing to raise these issues. See Motion, at ¶ 27.

8. Moreover, even if the Court should consider the allegedly prejudicial effect on Alcoa, here Alcoa has at all times fully participated in the California Water Contamination Litigation. Alcoa is thoroughly familiar with the Fairchild/Alcoa property in that litigation. In fact, Alcoa has had two opportunities to conduct due diligence at this property: once when Alcoa purchased Fairchild and began operating on the property pursuant to a lease, and a second time when it agreed to purchase the property as part of its settlement of arbitration proceedings with the Debtor. Alcoa's experts have evaluated the property, including the history of contamination at the property, and are already prepared to testify with respect to the property. Alcoa is also free to seek whatever scheduling accommodation it wishes to seek from the California court.

9. For all of these reasons, there would be no prejudice to Alcoa or the Debtor if the relief requested in the Motion is granted. If there *were* any prejudice, it would be of Alcoa's own making, since it failed to disclose its agreement to defend and indemnify the Debtor for years, and disclosed that agreement for the first time in January of this year.

10. On the other hand, as explained in the Motion, OCWD would suffer prejudice if the relief that it has requested is not granted. Absent the relief requested in the Motion being granted, OCWD will have to liquidate its claim twice, in two different tribunals -- once in the California Water Contamination Litigation before the California state court, and once before this Court (with the possibility of inconsistent results). As a practical matter, there are multiple

parties in the California Water Contamination Litigation, with each side being affected by evidence involving multiple sites, and it simply is not feasible to resolve before this Court the dispute between OCWD, the Debtor, and Alcoa with respect to the California properties.

11.     In the Fairchild Objection, the Debtors maintain that the Motion is procedurally improper, because post-confirmation modification of a chapter 11 plan is allowed only by a plan proponent or the reorganized debtor pursuant to Bankruptcy Code section 1127(b).  See Fairchild Objection, at ¶ 17.  However, here OCWD is not asking for a modification of the Plan that would contravene section 1127(b).  Rather, OCWD is asking for relief from the Plan Injunction so that it may liquidate its claim in a more appropriate venue, namely, the California Water Contamination Litigation.  This will not in any way modify any substantive provision of the Plan.  Seeking relief from the Plan Injunction is in any event strictly precautionary, since Alcoa is obligated to defend and indemnify Fairchild with respect to the California properties, and Fairchild will be a nominal defendant in the California Water Contamination Litigation.  Under similar circumstances, at least one court has recently found that a debtor with no real economic interests in the non-bankruptcy proceedings has no standing to raise plan injunctions in such proceedings.  *See In re Superior Offshore Int'l, Inc.*, Case No. 08-32590, 2011 Bankr. LEXIS 4069, at *10 (Bankr. S.D. Tex. Oct. 19, 2011) ("[M]odification of the plan injunction is not necessary to allow [claimant] to proceed nominally against [debtor] in order to collect insurance proceeds.  As long as [debtor] is truly a nominal party, and has no economic interest in the Louisiana federal proceeding, [debtor] will not have standing to raise the issue of the plan injunction.").

WHEREFORE, OCWD respectfully requests that the Court enter an Order: (1) granting the Motion and overruling the Objections; (2) granting OCWD relief from the Plan Injunction to pursue the California Water Contamination Litigation in California against the Debtor; (3) abstaining, pursuant to 28 U.S.C. § 1334, from adjudicating OCWD's claims against the Debtors' bankruptcy estates; and (4) granting OCWD such further relief as the Court deems just and appropriate.

Dated:   March 7, 2012                      Respectfully submitted,

           /s/ Michael Busenkell
Michael Busenkell (No. 3933)
Matthew P. Ward (No. 4471)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
T: (302) 252-4320
F: (302) 252-4330
MBusenkell@wcsr.com
MaWard@wcsr.com

*Counsel to Orange County Water District*