IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE FAIRCHILD CORP., et al. ) | C.A. No. 09-10899-CSS |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| ORANGE COUNTY WATER DISTRICT, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 10-56 (GMS) |
| ) | |
| THE FAIRCHILD CORP., ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM**

**I. INTRODUCTION**

Presently before the court is an appeal from the December 1, 2009 Order and Opinion (collectively, the "December 1 Order") of the United States Bankruptcy Court for the District of Delaware. For the reasons that follow, the court will dismiss the appeal as moot.

**II. BACKGROUND**

The Fairchild Corporation and related entities (the "Debtor" or the "Appellee") filed for chapter 11 bankruptcy on March 18, 2009, in the U.S. Bankruptcy Court for the District of Delaware. (D.I. 19, at 3). The Appellant, Orange County Water District (the "OCWD"), is a California state entity created to maintain, protect, replenish, and manage groundwater resources in Orange County, California. (D.I. 14, at 4). In 2004, the OCWD filed suit in California Superior

Court against the Debtor under various state and federal environmental statutes and several common law causes of actions (the "California Water Litigation"). *Id.* at 5. The OCWD's complaint alleged that the Debtor had released volatile organic chemicals into the subsurface that that contaminated the groundwater. *Id.* The OCWD's complaint sought to recover the costs of remediating the contamination along with an injunction to abate ongoing contamination. *Id.* The Debtor's chapter 11 bankruptcy filing automatically stayed the pending California Water Litigation. *See* 11 U.S.C. § 362(a).

On May 26, 2009, the OCWD filed a Motion for Relief from the Automatic Stay (the "Stay Relief Motion") arguing that the California Water Litigation constituted enforcement of a "governmental unit's . . . police and regulatory power" pursuant to 11 U.S.C. § 362(b)(4). (D.I. 14, App. at 20). The Bankruptcy Court entered the December 1 Order and accompanying Opinion denying OCWD's motion with respect to the Debtor. (D.I. 14, App. at. 190–93). The Bankruptcy Court found that the purpose of the California Water Litigation was to make "the potable water *affordable to the rate payers*" and to recover money damages to "*fund* OCWD." *Id.* App. at 184–85. The Bankruptcy Court concluded that the action was not designed to advance the safety and welfare of the state, and therefore, did not fall within the § 362(b)(4) exception. *Id.*

On December 17, 2009, the Bankruptcy Court entered an Order (the "Confirmation Order") confirming the Debtor's Second Amended Joint Plan of Liquidation (the "Confirmed Plan"). (D.I. 19, App. at 217, 504). The Confirmed Plan provided that all property of the Debtors' estate, as defined by 11 U.S.C. § 541, would vest in a Liquidating Trust. *Id.* App. at 244.

### III. PARTIES' CONTENTIONS

The OCWD argues that the Bankruptcy Court erred by denying its Stay Relief Motion. Specifically, the OCWD alleges that the Bankruptcy Court failed to consider that its state court

2

complaint sought equitable relief in addition to money damages, that the Court improperly narrowed the § 362(b)(4) exception, that the Court did not substantively apply controlling Third Circuit law from *Penn Terra Ltd. v. Dep't of Env't Res.*, 733 F.2d 267 (3d Cir. 1984), and that the Court failed to discuss *In re W.R. Grace & Co.*, 412 B.R. 657 (D. Del. 2009). (D.I. 14, at 6–9). The OCWD requests that this court reverse the December 1 Order and remand to the Bankruptcy Court with instructions that the automatic stay should not apply to the California Water Litigation.

In response, Debtor argues as a threshold matter that this appeal is constitutionally moot since the Bankruptcy Court confirmed its Liquidating Plan in 2009 and lifted the automatic stay. (D.I. 19, at 9–11). Alternatively, if the court determines that this appeal is not moot, the Debtor argues that this court does not have jurisdiction over this appeal because the December 1 Order was an interlocutory order, rather than a final order. *Id.* at 12. Finally, the Debtor contends that the Bankruptcy Court correctly determined that the California Water Litigation does not satisfy the § 364(b)(4) exception to the automatic stay.

### IV.  LEGAL STANDARD

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1). When reviewing a case on appeal, the court reviews the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *In re United Healthcare Systems, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005).

### V.  DISCUSSION

Constitutional mootness is a threshold question for determining whether this court has proper appellate jurisdiction. *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007). This jurisdictional prerequisite arises from the "case or controversy" requirement of Article III of the United States Constitution. *Id.*; *see* U.S. Const. art. III, § 2, cl. 1. If there is no live case or

3

controversy, then the court lacks jurisdiction and must dismiss the appeal as moot. *See Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972). Mootness can arise at any stage of judicial review. *Id.*

"The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Id.* (quoting *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003)). "[A]n appeal is moot in the constitutional sense only if events have taken place during the pendency of the appeal that make it 'impossible for the court to grant any effectual relief whatever.'" *In re Cont'l Airlines*, 91 F.3d 553, 558 (3d Cir. 1996) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

Bankruptcy appeals from orders granting or denying § 362 lift-stay motions are particularly susceptible to constitutional mootness when a subsequent intervening event has since terminated the automatic stay. *See In re Ponton*, 446 F. App'x 427, 429 (3d Cir. 2011); *see In re La'Teacha Tigue*, 363 B.R. 67, 71 (B.A.P. 8th Cir. 2007); *see Shadduck v. Rodolakis*, 221 B.R. 573, 579 (D. Mass. 1998). In an unpublished[1] decision, the Third Circuit dismissed for mootness a debtor's appeal from the bankruptcy court's order lifting the automatic stay. *In re Ponton*, 446 F. App'x at 429. While that appeal had been pending, the Bankruptcy Court dismissed the debtor's case. *Id.* at 428. This dismissal terminated the automatic stay under 11 U.S.C § 362(c)(2)(B), and the Third Circuit concluded that "[s]imply put, even if the Bankruptcy Court's lifting of the stay was somehow erroneous, we could not redress it now that an order of dismissal, which [debtor] did not challenge, has been entered. *Id.* at 429.

---

[1] According to Third Circuit Local Rules, "[t]he court by tradition does not cite to its non-precedential opinions as authority. Such opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing." 3d Cir. I.O.P. 5.7 (2010). This Court does not regard *In re Ponton*, 446 F. App'x 427 (3d Cir. 2011) as binding, but instead cites to it to illustrate reasoning that is analogous to the present case.

4

The Bankruptcy Appellate Panel for the Eighth Circuit similarly dismissed an appeal from the Bankruptcy Court's order lifting the stay as moot in *In re La'Teacha Tigue*, 363 B.R. at 71. In that case, the debtor had successfully exempted the subject property, which lifted the automatic stay with respect to that property under 11 U.S.C. § 362(c)(1). *Id.* That court concluded that the appeal from the court's prior order lifting the stay was moot, because the stay was terminated by operation of law regardless of the Bankruptcy Court's order. *Id.* The District Court for the District of Massachusetts found that an appeal from the Bankruptcy Court's order lifting the stay became moot when the debtor was subsequently denied a discharge, which lifted the automatic stay by operation of 11 U.S.C. § 362(c)(2)(C). *Shadduck v. Rodolakis*, 221 B.R. at 579. That Court explained that the "issuance of an opinion on this point now would be advisory," based on the fact that the "[debtor] can no longer obtain the protection of the automatic stay." *Id.*; *see also Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot.").

The court agrees with the Debtor that the present appeal must be dismissed as moot. As demonstrated in the above cases, an appeal from a bankruptcy court's order granting or denying a § 362 lift-stay motion becomes moot when the automatic stay is subsequently lifted by operation of law. Such is this case in this appeal. On December 17, 2009, the Bankruptcy Court confirmed the Debtor's Joint Plan of Liquidation. (D.I. 19, App. at FC-0526). According to § 1141(d)(3) of the Bankruptcy Code, "the confirmation of a plan does not discharge a debtor if—the plan provides for the liquidation of all or substantially all of the property of the estate." 11 U.S.C. § 1141(d)(3). When that occurs, "a discharge [i]s 'denied,' within the meaning of 11 U.S.C. § 362(c)(2)(C), no

5

later than the moment of confirmation." *Teamsters Pension Trust Fund of Philadelphia & Vicinity v. Malone Realty Co.*, 82 B.R. 346, 349 (E.D. Pa. 1988). The Confirmation Order vested all the property of the Debtor's estate in a Liquidating Trust.[2] This terminated the automatic stay under both § 362(c)(1) and (2):

> Except as provided in subsections (d), (e), (f), and (h) of this section–
> (1) the stay of an act against property of the estate under subsection (a) of this section continues *until such property is no longer property of the estate*;
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of–
> (A) the time the case is closed;
> (B) the time the case is dismissed; or
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, *the time a discharge is* granted or *denied*;

11 U.S.C. § 362(c) (emphasis added).

The terms of the Confirmed Plan further confirmed that these events would occur on the "Effective Date":

> "[u]nless otherwise specifically provided in the Plan of the Confirmation Order, all injunctions or stays provided for in these Chapter 11 Cases pursuant to Bankruptcy Code section 105, 362 or 524 or otherwise and in effect on the Confirmation Date shall remain in full force and effect until the Effective Date."

(D.I 19, App. at FC-0256). The bankruptcy docket indicates that the Effective Date occurred on January 7, 2010. (C.A. 09-10899, D.I. 907, at 1). Therefore, on that date, the combination of the Confirmation Order and 11 U.S.C. § 362(c) lifted the automatic stay in its entirety.

---

[2] According to the Confirmation Plan, "Trust Assets include all Cash not required for payments due on the Effective Date (which payments include the funding of the Professional Fee Escrow Amount), and all other interests in assets that are property of the Debtors' estates within the meaning of section 541 of the Bankruptcy Code, of every type and nature, including the Retained Causes of Action and all claims against third parties that are not explicitly released under the Plan." (D.I. 19, App. at FC-0244).

6

OCWD's appeal requests that this court (1) reverse the Bankruptcy Court's December 1 Order, and (2) remand with instructions for the Bankruptcy Court to conclude that the automatic stay is inapplicable to the California Water Contamination Litigation. (D.I. 14, at 10). The court is unable to fashion any effectual relief to the OCWD. The Bankruptcy Court's Confirmation Order, in conjunction with § 362(c), independently and completely lifted the automatic stay. (D.I 19, App. at FC-0256). Appellant has not appealed from the Confirmation Order, and therefore, the automatic stay will remain terminated regardless of whether this court vacates the Bankruptcy Court's December 1 Order. Any decision by this court on this issue would be advisory. This appeal is moot and the Court does not have proper jurisdiction over it. *See United Artists Theatre Co. v. Walton*, 315 F.3d 217, 226 (3d Cir. 2003). Accordingly, the court must dismiss this appeal and need not consider Appellant's other arguments. *See Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972).

## VI. CONCLUSION

For the foregoing reasons, the court will DISMISS the appeal from the Bankruptcy Court's December 1 Order.

Dated: December 17, 2014

UNITED STATES DISTRICT JUDGE