## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE FAIRCHILD CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10899 (CSS)<br><br>Jointly Administered<br><br>Hearing Date: Nov. 5, 2020 at 11:30 a.m.<br>Response Deadline: Oct. 29, 2020 at 4:00 p.m. |

## MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER EXTENDING THE TERM OF THE LIQUIDATING TRUST

Donald E. Miller, in his capacity as the operational liquidating trustee (the "Liquidating Trustee") under the Second Amended Joint Plan of Liquidation of The Fairchild Corporation and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code (the "Plan"),[1] by and through its counsel, hereby moves the Bankruptcy Court for the entry of an order, in the form attached hereto as Exhibit A, extending the term of the Liquidating Trust by twenty-four (24) months, through and including January 7, 2023, without prejudice to the Liquidating Trustee's right to seek further extensions. In support of this Motion, the Liquidating Trustee respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Article XIV of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On March 18, 2009, The Fairchild Corporation ("Fairchild") and sixty (60) of its affiliates (together, the "Fairchild Debtors") commenced voluntary Chapter 11 cases in the United

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

States Bankruptcy Court for the District of Delaware captioned *The Fairchild Corporation, et al.*, Bankr. D. Del. Case No. 09-10899 (CSS).

3. On or about December 17, 2009, the United States Bankruptcy Court for the District of Delaware entered the Order Confirming Second Amended Joint Plan of Liquidation of The Fairchild Corporation and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, as Amended [Docket No. 887]. The Plan became effective on January 7, 2010 (the "Effective Date") [Docket No. 907].

4. The Plan provided for, among other things, the substantive consolidation of the assets and liabilities of all of the Fairchild Debtors and the transfer of all of the assets of the Fairchild Debtors to the Fairchild Liquidating Trust.[2]

5. The Liquidating Trust is the liquidating trust established under Section 8.1 of the Plan. In accordance with and as defined under the Plan, all of the Trust Assets were vested in the Liquidating Trust as of the Effective Date.

6. The Liquidating Trustee was appointed to administer the Liquidating Trust as set forth in the Liquidating Trust Agreement, which was approved pursuant to the Plan. The duties of the Liquidating Trustee include, but are not limited to, conserving, protecting, collecting, liquidating, and converting to cash the Trust Assets, and making distributions to creditors pursuant to the Plan.

7. Pursuant to Article VIII, Section 8.9.1, of the Plan, the Liquidating Trust "shall terminate … no … later than the fifth anniversary of the Effective Date." The fifth anniversary of the Effective Date was January 7, 2015. *See also* Liquidating Trust Agreement Article XI, Section 11.2.

---

[2] The main case and three affiliated cases remain open. These cases are necessary to continue for the purpose of facilitating the Trust's realization of their value, as provided in Section 13.7.4 of the Plan.

8. Section 8.9.1 of the Plan provides that the term of the Liquidating Trust may be extended, by motion brought "on or after the date that is six months prior" to the fifth anniversary of the Effective Date, "if such extension is necessary to complete any pending matters required under the Liquidating Trust Agreement and . . . any such extension would not adversely affect the status of the Liquidating Trust as a grantor trust for federal income tax purposes." *See also* Liquidating Trust Agreement Article XI, Section 11.2.

9. Section 8.9.1 of the Plan and Section 11.2 of the Liquidating Trust Agreement further provide that "multiple extensions [of the term of the Liquidating Trust] may be obtained."

10. On August 20, 2018, this Court granted an order extending the term of the Liquidating Trust by twenty-four months (24) months, through and including January 7, 2021, without prejudice to the Liquidating Trustee's right to seek further extensions (the "2018 Extension Order") [Docket No. 1794].

## RELIEF REQUESTED AND BASIS FOR THE RELIEF

11. By this Motion, the Liquidating Trustee seeks entry of an order, substantially in the form attached hereto as Exhibit A, extending the term of the Liquidating Trust through and including January 7, 2023, without prejudice to the Liquidating Trustee's right to seek further extensions. Any such extension will not adversely affect the status of the Liquidating Trust as a grantor trust for federal income tax purposes.

12. In accordance with the Plan, and pursuant to the Liquidating Trust Agreement, since the Effective Date, the Liquidating Trustee has, and continues, to fulfill its obligations in furtherance of and consistent with the purpose of the Liquidating Trust and the Plan. Among other things, the Liquidating Trustee has sought out, collected and liquidated Trust Assets, resolved pending litigation, made distributions and preserved rights, reviewed, investigated, reconciled, and objected, as necessary, to Claims, filed tax and regulatory forms, returns, reports,

and other financial information required with respect to the Liquidating Trust, and otherwise taken all action reasonably necessary to implement the Plan.  Pursuant to Section 11.2 of the Liquidating Trust Agreement, the Liquidating Trustee has and will "make continuing efforts to dispose of the Assets, make timely Distributions, and not unduly prolong the duration of the Liquidating Trust." *See* Liquidating Trust Agreement Article XI, Section 11.2.

13. Following the 2018 Extension Order, the Liquidating Trustee has, among other things:

- Filed an adversary complaint against Transamerica Financial Life Insurance Company seeking recovery of at least $11 million of excess assets from three fully funded, terminated pension plans;

- Recovered unclaimed property and deposits; continued to pursue cash on deposit in foreign jurisdictions;

- Sought acquirers for choses in action; challenged multiple real estate tax assessments and litigated claims for refunds;

- Marketed and sold a significant parcel of real estate, interrelated with the litigation against the State of New York;

- Pursued litigation against the Long Island Railroad and its contractors or subcontractors seeking actual and punitive damages as a result of trespass and resulting damage to property in Farmingdale, New York previously owned by the Trust;

- Resolved over one thousand asbestos claims that were filed in the Fairchild bankruptcy case.  Despite repeated efforts to resolve the remaining 2,525 claims (the "Asbestos Claims"), the Liquidating Trust was required to undertake a detailed, time-intensive review and analysis of the Asbestos Claims.  The Liquidating Trust's review and analysis revealed that the Asbestos Claims were either brought after the expiration of the applicable statute of limitations and/or lacked any evidence of a connection to a Fairchild product.  Following the Trust's review, plaintiffs' counsel agreed to withdraw the remaining 2,525 claims. All of the Asbestos Claims have now been withdrawn or disallowed.

14. Summaries of the activities of the Liquidating Trustee are set forth in the: (a) Annual Report of the Fairchild Liquidating Trust for the Period Through September 30, 2011 [Docket No. 1348]; (b) Annual Report of the Fairchild Liquidating Trust for the Period Through

September 30, 2012 [Docket No. 1427]; (c) Annual Report of the Fairchild Liquidating Trust for the Period Through September 30, 2013 [Docket No. 1541]; Annual Report of the Fairchild Liquidating Trust for the Period Through September 30, 2015[3] [Docket No. 1664]; Annual Report of the Fairchild Liquidating Trust for the Period Through September 30, 2017[4] [Docket No. 1761]; and Annual Report of the Fairchild Liquidating Trust for the Period Through September 30, 2019[5].  *See* Group Exhibit A attached hereto.

15. The Liquidating Trustee believes that an extension is necessary to facilitate and complete the recovery and liquidation of the Liquidating Trust Assets. There are currently several pending litigation matters and claims subject to dispute where the Liquidating Trust is attempting to recover substantial monetary Trust Assets. Due to the number and complexity of these matters, as well as the protracted nature of realization on certain of the Liquidating Trust Assets, and unanticipated delays as a result of COVID-19, there will not be full and final resolutions prior to January 7, 2021. These matters must be resolved in order for the Liquidating Trustee to fulfill his responsibilities under the Liquidating Trust Agreement and effectuate the Plan, including a final distribution of Distributable Assets.

16. The most significant pending matters currently being pursued include, but are not limited to:

    a.    Transamerica Financial Life Insurance Company Litigation

Transamerica Financial Life Insurance Company ("Transamerica") is the contract agent for liquidation of the assets of three discontinued pension plans established by Fairchild Industries, Inc. ("Industries"), a predecessor of Fairchild. The plans are fully funded by annuities Industries purchased for that purpose. These plans expressly entitle Industries to any excess proceeds of the plans. Due to satisfaction of claimants, early mortality, and other factors, actuarial computations performed by Transamerica or its agents show a potential overfunding of at least $11 million. The exact amount to be recovered has yet to be determined. Transamerica's predecessor in its current position had voluntarily made distribution to Industries of excess proceeds. However, Transamerica

---

[3] This report includes the period through September 30, 2014.
[4] This report includes the period through September 30, 2016.
[5] This report includes the period through September 30, 2019.

refused to make any disbursement to Industries of these excess funds, claiming either a complete lack of legal entitlement, or based upon concerns that individuals yet to be located may be entitled to a portion.  The Liquidating Trustee engaged the services of a firm whose specialty is locating individual retirees in similar situations, and on its own, placed block advertisements in local newspapers, to seek individual retirees who may be entitled to benefits. The efforts of the location firm, and the advertisements placed by the Liquidating Trustee, have disclosed some individuals who may have entitlement to a portion of the excess; but their impact on the excess has yet to be determined. The Liquidating Trustee believes that even if all such individuals have some entitlement, there will be a significant excess remaining, possibly in excess of $11 million. Discussions with Transamerica's agents did not result in a declaration of entitlement or of a definitive reconciliation of the amount of the excess. As a result, on November 11, 2018, the Trust filed an adversary complaint against Transamerica.  The parties are in the process of conducting discovery and a mediator has been appointed.  On April 17, 2020, the court entered an order approving a stipulation adjoining all deadlines due to COVID-19.  [Dkt. No. 48]  The parties are in the process of resuming discovery, including remote depositions, and mediation.

            b.        Unclaimed Property Claims

The Liquidating Trust is pursuing numerous claims for unclaimed property escheated to States over the course of the debtors' seven decade long corporate history.  Amounts claimed appear to be in the six figure range, but a final determination of the size of, and entitlement to, the oldest amounts awaits responses from treasurers in multiple states.

            c.        Excess Amounts Held In Environmental Escrow Accounts

Over many years, Fairchild had contributed to escrows for environmental liabilities in connection with remediation of sites, as to which it was claimed to be a contributing party. One or more of these escrows can or should now be terminated. If terminated, Fairchild would be entitled to some or in one case all of the funds remaining in escrow. Termination of at least one of these escrows should entitle Fairchild to a six figure recovery.

            d.        Farmingdale, New York Real Estate Litigation

The Fairchild Corporation commenced an action against the Long Island Railroad.  Fairchild alleges several causes of action against the Long Island Railroad, including a claim for trespass.  The Liquidating Trust sold 3.54 acres of undeveloped real estate in Farmingdale, New York, realizing cash of approximately $2 million.  The land is adjacent to an 88 acre parcel that Fairchild developed and sold, and in proximity to the land which was the subject of litigation against the State of New York.  Before sale, this real estate was subjected to repeated trespasses by the Long Island Railroad and its contractors or subcontractors as a cost savings measure, despite being encircled by fencing, despite signage and after repeated, personal interception, written cease and desist notices with photographic evidence, and multiple telephonic demands. The trespasses involved, among other things, large moving equipment, heavy vehicles, teams of employees, and deposit of tens of tons of fill of unknown origin. In addition to out-of-pocket costs, and physical damages, the Liquidating Trustee believes it is entitled to other recoveries, including punitive damages.  The parties are currently engaged in discovery.

    e.  Claims Versus Insurers

 Fairchild has significant claims against insurance companies currently liquidating or whose assets are being administered by one or more trustees or other appointed officials.

    f.  New York State Department of Environmental Conservation

 The Liquidating Trust has been overseeing a complex environmental remediation on Long Island, New York related to property previously owned by a Fairchild subsidiary. The Trust has continued to follow its obligations under an existing Record of Decision requiring an extensive ground water remediation pursuant to which, among other things, the Liquidating Trust maintains and operates a pumping and treatment facility.

    g.  Claims

 The Liquidating Trust is in the process of resolving the EPA's claim related to several Superfund sites.

 17. To date, the Liquidating Trustee has not completed the associated liquidation and monetization processes necessary to finalize the distribution of the Distributable Assets as contemplated by the Plan.  The Liquidating Trustee has acted diligently to discharge its responsibilities under the Plan and the Liquidating Trust Agreement.  As the foregoing demonstrates, however, there are still matters pending, some of which are expected to generate significant returns, that cannot and will not be resolved prior to January 7, 2021.  These actions are necessary and will not unduly prolong the duration of the Liquidating Trust.

 18. The Liquidating Trustee, therefore, respectfully submits that a fixed-period extension of twenty-four (24) months, through and including January 7, 2023, is necessary to facilitate or complete the recovery and liquidation.

## **NOTICE**

 19. Notice of this Motion will be provided by CM/ECF, email where possible, and U.S. First Class Mail to: (i) the Office of the United States Trustee for the District of Delaware; and (ii) those parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy

Procedure. The Liquidating Trustee respectfully submits that no other or further notice of this Motion or hearing is required.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order extending the term of the Liquidating Trust through and including January 7, 2023, without prejudice to the Liquidating Trustee's right to seek further extensions, and granting the Liquidating Trustee such other and further relief as is just and proper.

Dated: October 5, 2020
Wilmington, Delaware

**PORTER, WRIGHT, MORRIS & ARTHUR LLP**

Karen M. Borg
321 North Clark Street, Suite 400
Chicago, Illinois 60654
Telephone: (312) 756-8462
Facsimile: (312) 873-4382
kborg@porterwright.com

-and-

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Mary F. Caloway
Mary F. Caloway (No. 3059)
919 North Market Street, Suite 990
Wilmington, DE 19801
302-552-4200 (telephone)
302-552-4295 (facsimile)
mary.caloway@bipc.com

*Counsel to the Fairchild Liquidating Trust*