**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>THE FAIRCHILD CORPORATION, et al.,[1]<br><br>Debtors. | ) <br>) Chapter 11<br>) <br>) Case No. 09-10899 (JKS)<br>) <br>) Jointly Administered<br>) <br>) **Objection Deadline: August 1, 2022 at 4:00 p.m. (ET)**<br>) |

**LIQUIDATING TRUSTEE'S FIRST NOTICE OF**
**SATISFACTION OF CLAIMS AND SCHEDULED AMOUNTS**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND FULLY SATISFIED CLAIMS AND/OR FULLY SATISFIED SCHEDULED AMOUNTS IDENTIFIED ON EXHIBIT A ATTACHED HERETO**

Donald Miller, solely in his capacity as liquidating trustee (the "Liquidating Trustee") of the Fairchild Liquidating Trust (the "Liquidating Trust") created pursuant to the *Second Amended Joint Plan of Liquidation of The Fairchild Corporation and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, as Amended* [Docket No. 775] (as amended, modified and/or supplemented, the "Plan"), by any through his undersigned counsel, hereby files this notice (the "Notice") identifying certain claims filed against the Debtors' estates (the "Fully Satisfied Claims") and certain amounts scheduled against the Debtors' estates (the "Fully Satisfied Scheduled Amounts") that have been fully satisfied during these chapter 11 cases (the "Chapter 11 Cases").  A list of the Fully Satisfied Claims and the Fully Satisfied Scheduled Amounts is attached as **Exhibit A**.

---

[1]   The last four digits of The Liquidating Trust's federal tax identification number are 8587.  The mailing address for The Liquidating Trust is 1750 Tysons Boulevard, Suite 530, McLean, Virginia 22102.

DOCS_DE:239466.4 27302/001

**BACKGROUND**

1. On March 18, 2009 (the "Petition Date"), the Debtors commenced their respective bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On April 6, 2009, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases.

2. On May 18, 2009, the Debtors filed their schedules of assets and statements of financial affairs [Docket Nos. 255 through 376] (the "Schedules"). On July 24, 2009, certain Debtors filed amended Schedules [Docket Nos. 561 through 582].

3. On May 19, 2009, the Court entered an order [Docket No. 381] (the "Banner Sale Order") approving the sale (the "Banner Sale") of the Debtors' "Banner" business (the "Banner Business"). Following closing of the Banner Sale, the Debtors' employees who were employed in the Banner Business were hired by the purchaser (the "Transferred Employees"). Pursuant to the asset purchase agreement for the sale of the Banner Business (the "Banner APA") and the Banner Sale Order, the purchaser assumed all liabilities relating to the Transferred Employee's accrued wages and vacation time. The Banner Sale Order also provided that the purchaser would assume certain other liabilities related to the Banner Business.

4. On July 13, 2009, the Court entered an order [Docket No. 524] (the "Bar Date Order") establishing August 31, 2009 (the "General Bar Date"), as the last date for all creditors (the "Claimants") holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against one or more of the Debtors to file and serve written proofs of claim. Notice of the General Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

5. Upon the Effective Date of the Plan, the Liquidating Trust was established pursuant to the Plan and the Liquidating Trustee was authorized to: (a) reconcile and object to any claims against the Debtors and their estates; (b) effectuate the wind down of the Debtors and their estates; and (c) make distributions to holders of allowed claims pursuant to the terms of the Plan.

**FULLY SATISFIED CLAIMS AND FULLY SATISFIED SCHEDULED AMOUNTS**

6. The Liquidating Trustee, with the assistance of counsel, has determined that the Fully Satisfied Claims and Fully Satisfied Scheduled Amounts, all of which relate to the Banner Business, have been fully satisfied by virtue of the purchaser's assumption of such liabilities pursuant to the Banner APA and the Banner Sale Order, and that no further distributions from the estates will be required on account of amounts asserted in the Fully Satisfied Claims or the Fully Satisfied Scheduled Amounts.

**RESPONSES TO THIS NOTICE**

7. Any party disputing the Liquidating Trustee's position that a particular Fully Satisfied Claim or Fully Satisfied Scheduled Amount has been satisfied as provided for herein and on **Exhibit A** attached hereto must file and serve a written response (a "Response") so that it is received no later than **August 1, 2022 at 4:00 p.m. (ET)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following parties, so that the Response is received no later than the Response Deadline, at the following addresses:

Porter Wright Morris & Arthur LLP
321 North Clark Street, Suite 400
Chicago, IL 60654
Attn:   Karen M. Borg, Esq.
kborg@porterwright.com

-and-

Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Attn:   Mary F. Caloway, Esq.
mcaloway@pszjlaw.com

8. In the event that any Response is timely filed and served, the Liquidating Trustee will make a reasonable effort to review the Fully Satisfied Claim or the Fully Satisfied Scheduled Amount with the claimant to determine whether any asserted amounts were not satisfied as indicated.  In the event that the parties are unable to reach a resolution, the Liquidating Trustee anticipates that a hearing will be held on the matter at a date and time to be determined by the Liquidating Trustee, in his discretion, subject to the Court's availability.

9. The Liquidating Trustee intends to designate on the Debtors' claims register that the Fully Satisfied Claims and Fully Satisfied Scheduled Amounts have been satisfied as indicated on the attached **Exhibit A**.  Out of an abundance of caution, however, the Liquidating Trustee is serving this Notice on all parties holding Fully Satisfied Claims and Fully Satisfied Scheduled Amounts and providing such parties with an opportunity to respond to the Liquidating Trustee's position that such claims have been satisfied.

10. The Liquidating Trustee reserves any and all rights to amend, supplement or otherwise modify this Notice and to file additional notices of this nature with respect to any and all claims filed in these Chapter 11 Cases, including without limitation, any and all of the Fully Satisfied Claims, and amounts scheduled against the Debtors' estates in the Debtors' schedules

of assets and liabilities, including, without limitation, any and all of the Fully Satisfied Scheduled Amounts.  The Liquidating Trustee also reserves any and all rights, claims and defenses with respect to any and all of the Fully Satisfied Claims and the Fully Satisfied Scheduled Amounts, and nothing including in or omitted from this Notice shall impair, prejudice, waive, or otherwise affect any such rights, claims and defenses.

Dated: July 15, 2022	**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Mary F. Caloway*
Mary F. Caloway (DE Bar No. 3059)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: mcaloway@pszjlaw.com


-and-

**PORTER, WRIGHT, MORRIS & ARTHUR LLP**
Karen M. Borg
321 North Clark Street
Suite 400
Chicago, IL 60654
Telephone:  (312) 756-8462
Facsimile:  (312) 873-4382
Email: kborg@porterwright.com


*Counsel to the Fairchild Liquidating Trust*